NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINA M. MAGGI,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Civil Action No.: 17-4427 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is Plaintiff Gina M. Maggi's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the Administrative Law Judge's ("ALJ") decision is vacated and remanded for further proceedings.

## II. BACKGROUND

### A. Procedural Background

Plaintiff applied for disability insurance benefits on April 25, 2013, alleging disability as of March 9, 2012. (Tr.[1] at 182). The application was denied initially in August 2013 and upon reconsideration in December 2013. (*Id.* at 117, 123). On December 4, 2015, a hearing was held before ALJ Jack Russak. (*Id.* at 19). ALJ Russak issued a decision on December 18, 2015 finding

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 5).

1

Plaintiff was still capable of performing past relevant work despite her severe impairments and was therefore not disabled, as defined by the SSA. (*Id.* at 27). Plaintiff requested review of the decision and the Appeals Council denied the request on April 13, 2017. (*Id.* at 1-6). On June 16, 2017, Plaintiff instituted this action. (ECF No. 1).

### B. Factual Background

Plaintiff was 36 years old at the time of the relevant hearing and resides in Essex County, New Jersey. (Tr. at 34, 37). She is single and has no children. (*Id.* at 38). Plaintiff completed high school. (*Id.* at 36, 45). In a Function Report submitted to SSA, Plaintiff states that she suffers from bipolar I disorder, post-traumatic stress disorder ("PTSD"), Attention Deficit Hyperactivity Disorder ("ADHD"), insomnia, and anxiety. (*Id.* at 242).

Plaintiff has held numerous jobs in the fifteen years before the alleged onset date of her disability. (*Id.* at 67-68, 227). Plaintiff last worked in March 2012 as a customer service representation for S.A. Bendheim, Ltd., where her duties were to take orders over the phone and in person. (*Id.* at 228). From February 2006 to September 2010, Plaintiff was an account executive at Safety First and managed fleets of vehicles enrolled in the company's safety program. (*Id.* at 68, 129). Prior to that, Plaintiff was a sales account manager for Flex Wrap, taking telephone orders for plastic bags from June 2005 to February 2006. (*Id.* at 68, 230). Most important to this appeal, Plaintiff worked at Paxar, a clothing tag manufacturer, from April 2000 to February 2002 as an art assistant. (*Id.* at 67, 227). According to Plaintiff, her job responsibilities included picking out colors for clothing labels, taking phone orders, and packing boxes of apparel labels. (*Id.* at 67, 231).

### C. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C.

§§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

### D. Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in his previous

work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B). Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)).

The SSA follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. *Id.* Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *Id.* If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of his impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform his past relevant work. *Id.* Fifth, if his RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## III. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the onset date of the alleged disability. (Tr. at 21). At steps two and three, the ALJ found Plaintiff's impairments of asthma, insomnia, bipolar disorder, PTSD, panic disorder and suicidal ideation were "severe," but not severe enough to meet, either individually or in combination, any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 22-24). The ALJ then concluded Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), with the exceptions that Plaintiff can "occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds." (*Id.* at 24). Additionally, the ALJ found Plaintiff is only able to perform simple and routine tasks in a low stress job and that Plaintiff must have no interaction with the public and only occasional interaction with co-workers and supervisors. (*Id.*).

To reach this conclusion, the ALJ considered Plaintiff's self-reported symptoms and their consistency with the evidence from multiple other sources. (*Id.*). Specifically, the ALJ considered Plaintiff's history of insomnia, bipolar disorder, PTSD, panic disorder, and suicidal ideation, for which she made a prior visit to the emergency room. (*Id.* at 26). The ALJ also noted Plaintiff's asthma diagnosis and treatment history. (*Id.* at 33). The reviewed evidence included Plaintiff's own reports about her impairments as well as medical opinions from a psychological examiner, Jennifer C. Figuerelli, Ph.D., and an internal medicine examiner, Dr. Sandoval. (*Id.* at 24-27). The ALJ also considered the opinions of state agency medical consultants who reviewed Plaintiff's medical records and found that Plaintiff would have no more than moderate limitations. (*Id.* at 26). The ALJ weighed these medical opinions along with objective medical evidence, such as

5

chest x-rays, and the Plaintiff's testimony about her activities and daily routines. (*Id.*). The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms but any additional restrictions beyond those set forth in her RFC assessment were unnecessary. (*Id.* at 25).

At step four, the ALJ found Plaintiff capable of performing past relevant work as a Fabric Layout Worker, performed by Plaintiff from 2000 through 2002, which requires work at the light exertional level. (*Id.* at 27). The ALJ considered testimony from a vocational expert ("VE") who participated in the hearing by phone. (*Id.*). After listening to Plaintiff's testimony regarding her prior work experience, the VE classified Plaintiff's clothing tag manufacturing job at Paxar as that of a Fabric Layout Worker pursuant to the Dictionary of Occupational Titles ("DOT") and opined that an individual with Plaintiff's RFC could perform a range of light work, such as that of a Fabric Layout Worker. (*Id.* at 71-72). Consistent with the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a Fabric Layout Worker[2] as actually and generally performed. (*Id.* at 27). Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (*Id.*).

**B.    Analysis**

Plaintiff contends that the ALJ's decision should be remanded because the ALJ's finding that Plaintiff retains the RFC to perform past relevant work and, therefore, is not disabled, was not supported by substantial evidence. (ECF No. 9 ("Pl. Br.) at 8). An ALJ's decision must provide a sufficient framework of reasoning for the court to conduct meaningful judicial review. *Poulos*

---

[2] The DOT defines a Fabric Layout Worker as a worker who lays out and folds bolts of fabric, such as silk and rayon, preparatory to other processing, determines if cloth should be folded by hand or machine, and records data, such as yardage, date, color, style for each bolt of fabric. *See* U.S. Dep't of Labor, Dictionary of Occupational Titles: Fabric Layout Worker, https://occupationalinfo.org (last visited Nov. 20, 2018).

*v. Comm'r of Soc. Sec.*, 474 F.3d 88, 93 (3d Cir. 2000). Here, Plaintiff is challenging step four of the ALJ's analysis. At step four, the regulations require an ALJ to consider whether the claimant has the RFC to perform the requirements of her past relevant work as either actually or generally performed. 20 C.F.R. § 404.1520(a)(4)(iv). The Court finds that it is unclear whether the ALJ sufficiently considered the regulations as applied to Plaintiff's past relevant work, and thus meaningful judicial review is precluded. Accordingly, this matter must be remanded for further proceedings.

The ALJ's step-four analysis contains deficiencies that prevent the Court from properly determining whether the ALJ's conclusion was supported by substantial evidence. Specifically, the ALJ failed to address a significant discrepancy between the proffered evidence and his finding that Plaintiff retained the capacity to return to past relevant work. The ALJ concluded that Plaintiff could perform her past relevant work as actually performed, but such conclusion contradicts the ALJ's finding that "claimant must have no interaction with the public" and Plaintiff's statements that her prior job duties included interacting with customers while taking orders over the phone. (*Id.* at 24, 227). Without addressing this inconsistency, the ALJ determined "that the claimant is able to perform [past relevant work] as actually and generally performed." (*Id.* at 27). The ALJ's failure to explain this discrepancy, along with other inaccuracies in the decision, precludes the Court from properly determining whether the ALJ sufficiently considered the applicable regulations in reaching his conclusion.

Additionally, the ALJ mistakenly concluded that a hypothetical individual with the Plaintiff's RFC "would be capable of performing the claimant's past relevant work as a grounds maintenance/golf course maintenance worker[,]" which is work that Plaintiff never performed. (*Id.* at 27). This lack of careful analysis precludes the Court from providing meaningful judicial

review.

Accordingly, the Court cannot conclude that the ALJ's conclusion was supported by substantial evidence. Hence, this matter must be remanded for further proceedings. Because this matter is being remanded, the Court need not address Plaintiff's arguments regarding additional purported errors.

## IV. <u>CONCLUSION</u>

For the aforementioned reasons, the Court remands this matter for further proceedings that are consistent with the instructions contained herein. An appropriate Order accompanies this Opinion.

DATED: November 28, 2018

_____
**CLAIRE C. CECCHI, U.S.D.J.**